**Rafael GARCIA–MARIN; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–73831.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2008.*

Filed March 17, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rafael Garcia–Marin, Santa Ana, CA, pro se.

Marbella Robles–Cisneros, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., Luis E. Perez, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, TASHIMA and BYBEE, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen.

■ We review the BIA's denial of a motion to reopen for abuse of discretion. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). The regulations state that a motion to reopen removal proceedings must be filed no later than ninety days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). A review of the administrative record demonstrates that the BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely. Petitioners' final administrative order of removal was entered on January 12, 2006. Petitioners' motion to reopen was filed on March 9, 2007, more than ninety days after the date on which the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2).

The regulations also state that a party may file only one motion to reopen removal proceedings. *See* 8 C.F.R. § 1003.2(c)(2). A review of the administrative record demonstrates that the BIA did not abuse its discretion in denying petitioners' motion to reopen for exceeding the numerical limitations because this is petitioners' second motion to reopen.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Accordingly, respondent's unopposed motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

To the extent that petitioners seek review of the BIA's denial of their request to *sua sponte* reopen proceedings, this court lacks jurisdiction over this petition for review. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). Respondent's unopposed motion to dismiss in part is granted.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**